**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RODNEY SANGSTER, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 1835 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Charles Norgle |
| COOK COUNTY SHERIFF MICHAEL | ) | |
| SHEAHAN, CCDOC EMPLOYEES | ) | Magistrate Judge Valdez |
| SGT. CRUZ, Badge # 1874, SGT. SALEMI, | ) | |
| Badge # 1543, LT. SMITH, Badge # 153, and | ) | |
| OFFICER JACOBSEN, Badge # 8781, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants former COOK COUNTY SHERIFF MICHAEL SHEAHAN , SGT. CRUZ #1874, SGT. SALEMI #1543, LT. SMITH #153, and OFC. JACOBSEN #8781, through their attorney, RICHARD A. DEVINE, State's Attorney of Cook County, by his Assistant State's Attorney, Paul W. Groah, answers Plaintiff's Complaint as follows:

1. On or about October 20, 2006, the plaintiff complained to sargeant Cruz # 1874, sargeant Salemi #1543 of the Cook County jail, and to lutenient Smith #153 of several attempts on his life by known gang members that resided on the dorm with him, (E-2).

ANSWER: Defendants deny the allegations contained in paragraph one of Plaintiff's Complaint.

2. In addition to the plaintiff informing these individuals that he needed to be moved off the wing to prevent him from being injured or killed the defendant officer

JACOBSEN # 8781, had prior notice of these three gangs members and their tendency for mischief and violence during his watch on E-2 dorm.

 ANSWER: Defendant Jacobsen denies the allegations contained in paragraph two of Plaintiff's Complaint.

 3. After notifying the above defendants and nothing being done the plaintiff called his brother on the phone and told him about the threats on him and informed him of the attempted attacks that had already taken place.

 ANSWER: Defendants deny that they were notified and/or that nothing was done, and are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of paragraph three of Plaintiff's complaint.

 4. The plaintiffs brother called the jail medical unit where the plaintiff was being housed and gave further notice to defendant Sargent Cruz #1874 of the several attempted attacks and that he felt concearned for his brothers well being.

 ANSWER: Defendant Cruz denies the allegations contained in paragraph four of Plaintiff's Complaint.

 5. After talking to the plaintiffs brother Sargent CRUZ approached the plaintiff on his dorm E-2 that he wasn't going to move him for any reason under any circumstances.

 ANSWER: Defendant Cruz denies the allegations contained in paragraph five of Plaintiff's Complaint.

6. Later that same day Luitenant Smith #153 approached the plaintiff on the dorm and told him to stop having his brother call the jail and that she was turning the issue back over the Sargent Cruz.

ANSWER: Defendant Smith denies the allegations contained in paragraph six of Plaintiff's Complaint.

7. Then on the date of November 13, 2006 the plaintiff was attacked by three gang members one of the three men struck the plaintiff in the face and caused his lip to start bleeding profusely.

ANSWER: Defendants deny the allegations contained in paragraph seven of Plaintiff's Complaint.

8. Despite screeming and yelling for help no officers ever intervened.

ANSWER: Defendants deny the allegations contained in paragraph four of Plaintiff's Complaint.

9. The plaintiff was continuously beated severly with kick and punches to the face and stomach.

ANSWER: Defendants deny the allegations contained in paragraph nine of Plaintiff's Complaint.

10. The plaintiff finally was able to make his way to the hallway leaving a trail of blood.

ANSWER:    Defendants deny the allegations contained in paragraph ten of Plaintiff's Complaint.

11.    Officer Murrilo finally arrived and attempted to call in a 10-10 for assistance. However his radio did not work.

ANSWER:    Defendants deny the allegations contained in paragraph eleven of Plaintiff's Complaint.

12.    Needless to say the defendants had adequate time to access the serious threat posed the plaintiffs health and welfare and had fair opportunity to take pre-causionary measures to afford him protection.

ANSWER:    Defendants deny the allegations contained in paragraph twelve of Plaintiff's Complaint.

13.    Thus, the defendants were deliberately indifferent and had reckless disregard of the plaintiffs safety which ultimately caused the defendant to suffer a permenant disability as his right foot was broken.

ANSWER:    Defendants deny the allegations contained in paragraph thirteen of Plaintiff's Complaint.

14.    Defendants Lieutenant Smith star # 153 Sargent Cruz # 1874, Sgt. Salemi # 1543 all knew of the danger that existed to the plaintiff specificate and failed in their duties to protect the plaintiff and the tendencies of these three other inmates' gang members.

ANSWER: Defendants deny the allegations contained in paragraph fourteen of Plaintiff's Complaint.

15. Defendant Michael F. Sheahan in his negligence in that he also failed to provide proper staffing at the Cook County jail and the safety of the inmates in their individual housing units.

ANSWER: Defendant Sheahan denies the allegations contained in paragraph fifteen of Plaintiff's Complaint.

16. The plaintiff suffers from limited mobility of his right anke and foot and chronic pain to the same, paranoid episodes and occasional blackouts and had to have an operation on his foot as well and phisiological and psychological trauma.

ANSWER: Defendants deny the allegations contained in paragraph sixteen of Plaintiff's Complaint.

17. The officers at the Cook County jail must "cross-watch" the dorms and perform these duties without relief and this unethical practice leaves the inmates in an extremely injurious environment unattended for hours at a time.

ANSWER: Defendants deny the allegations contained in paragraph seventeen of Plaintiff's Complaint.

18. The aforementioned defendants negligence in moving the plaintiff violated the plaintiffs rights to be free from cruel and unusual punishment and anguish.

ANSWER: Defendants deny the allegations contained in paragraph eighteen of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. §1997e (a). *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

## JURY DEMAND

Defendants respectfully demand a trial by jury on all counts.

**WHEREFORE**, based upon the foregoing, Defendants former COOK COUNTY SHERIFF MICHAEL SHEAHAN , SGT. CRUZ #1874, SGT. SALEMI #1543, LT. SMITH #153, and OFC. JACOBSEN #8781 respectfully request that this Honorable Court grant judgment in their favor and against plaintiff on all aspects of his complaint and further request that this Honorable Court grant it fees, costs, and such other relief that this court deems just and appropriate.

Respectfully submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

By:   /s/Paul W. Groah_____
Paul W. Groah
Assistant State's Attorney
Civil Actions Bureau
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-5147